UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACQUELINE CARR                                    CIVIL ACTION

VERSUS                                             NO. 19-13389

NATIONWIDE CORPORATION                             SECTION "R" (2)
D/B/A NATIONWIDE PROPERTY &
CASUALTY INSURANCE COMPANY,
A FOREIGN CORPORATION NOT
LICENSED IN LOUISIANA, AND
GREGG BOGGS

## <u>**ORDER AND REASONS**</u>

The Court has received plaintiff Jacqueline Carr's motion to remand this matter to state court.[1] Because defendants have not established that the amount in controversy is over $75,000, the Court grants the motion to remand.

## I.     **BACKGROUND**

This case arises from a car accident.[2] On July 30, 2018, Carr allegedly was rear-ended by defendant Gregg Boggs at a stop light. Specifically, plaintiff alleges that while she was "situated in the left turning lane at the red

---

[1]     R. Doc. 8.
[2]     *See* R. Doc. 1-2 at 2 ¶ I.

light which was 'red,'" Boggs "accelerat[ed] before the red light turned green," striking plaintiff's car.[3] Carr was driving a 2013 "SMARTCAR," and Boggs was driving a "late model, Red Silverado truck."[4]

Following the accident, plaintiff filed a petition for damages for personal injuries in Louisiana state court against Boggs and Nationwide Corporation,[5] which had insured the truck.[6] In that petition, plaintiff alleged that the accident "caus[ed] the vehicular damage and personal injury damage" to plaintiff.[7] Defendant Nationwide "has fully satisfied and paid for the vehicular damage to the SMARTCAR."[8] But plaintiff still demands an amount "in excess of $25,000.00, for permanent damage."[9] This damage consists of "injury to [plaintiff's] spine and muscular skeleton, . . . medical damages for expense of treatment, lost wages, pain and suffering and future pain and suffering and medical expenses."[10]

---

[3]     *See id.* (capitalization omitted).
[4]     *See id.*
[5]     *See* R. Doc. 1-2 at 1.
[6]     *See id.*
[7]     *Id.* at 3 ¶ III.
[8]     *Id* at 3 ¶ IV.
[9]     *See id.* at 3 ¶ III.
[10]    *Id.*

Defendants removed plaintiff's suit to this Court.[11]  Plaintiff now moves to remand the matter back to state court.[12]

## II.    LEGAL STANDARD

A defendant may generally remove a civil action filed in state court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  "[T]he removing party bears the burden of . . . show[ing] that federal jurisdiction exists."  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  And "[t]he jurisdictional facts that support removal must be judged at the time of removal."  *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).  In assessing whether removal is appropriate, the Court is guided by the principle that "the removal statute should be strictly construed in favor of remand," *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002), because federal courts are courts of limited jurisdiction.  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the Court must remand the case to state court.  28 U.S.C. § 1447(c).

---

[11]    R. Doc. 1.
[12]    R. Doc. 8.

Federal courts have original jurisdiction in diversity actions. *See* 28 U.S.C. § 1332(a). For diversity jurisdiction to exist, there must be complete diversity between plaintiffs and defendants, and the amount in controversy must exceed $75,000. *See id.*; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Under Fifth Circuit law, a removing defendant's burden of showing that the amount in controversy is sufficient to support federal jurisdiction differs depending on whether the plaintiff's complaint alleges a specific amount of monetary damages. *See Allen*, 63 F.3d at 1335. "Where the plaintiff has alleged a sum certain that exceeds the requisite amount in controversy, that amount controls if made in good faith." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). On the other hand, "if a plaintiff pleads damages less than the jurisdiction amount," this figure will also generally control, thereby barring removal. *See id.* "Thus, in the typical diversity case, the plaintiff remains the master of his complaint." *Id.*

Under Louisiana law, though, a plaintiff ordinarily cannot plead a specific amount of damages. *See* La. Code Civ. P. art. 893(A)(1); *Manguno*, 276 F.3d at 723. Rather, a plaintiff is permitted only to make "a general allegation that the claim exceeds or is less than" a particular amount, if

making such an allegation is "necessary to establish the jurisdiction of [a] court . . . [or] the lack of jurisdiction of federal courts due to insufficiency of damages." La. Civ. Code. P. art. 893(A)(1). When, the plaintiff has alleged an indeterminate amount of damages, the Fifth Circuit requires that "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia*, 233 F.3d at 882; *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiff's claims exceed the jurisdictional amount, or by "setting forth the facts in controversy . . . that support a finding of the requisite amount." *Allen*, 63 F.3d at 1335 (emphasis omitted). "[W]here the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed [$75,000]." *Id.* at 1336. If "the facially apparent test is not met," the Court may then consider "summary-judgment-type evidence, relevant to the amount in controversy at the time of removal." *See id.*

If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000. *See De Aguilar*, 47 F.3d

at 1412. Absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, . . . later filings [are] irrelevant." *Id.* (first alteration in original) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)); *see also id.* at 1412 n.10 ("The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations.").

## III. DISCUSSION

As required by Louisiana law, the complaint does not allege a specific amount of damages. Rather, plaintiff alleges that the "[a]mount [d]emanded [e]xceeds $25,000.00."[13] This statement neither definitely pleads more nor less than the amount in controversy necessary for a federal court to exercise diversity jurisdiction. Defendants therefore must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

The Court first looks to the face of the complaint to determine whether the amount in controversy is facially apparent. Plaintiff alleges that she suffered "injury to her spine and muscular skeleton."[14] She conclusorily

---

[13]  *See* R. Doc. 1-2 at 2.
[14]  R. Doc. 1-2 at 3 ¶ III.

seeks compensation for "medical damages for expense of treatment, lost wages, pain and suffering and future pain and suffering and medical expenses."[15] That said, plaintiff does not provide any specific information as to the medical treatment required, the medical expenses incurred, the wages lost, or the pain and suffering endured. She does not allege that she was hospitalized or requires surgery. Moreover, the Court finds no indication in the state court record that plaintiff requested a trial by jury, which requires the claim to exceed $50,000. *See* La. Code Civ. P. art. 1732(1).

Consequently, the Court finds that plaintiff's allegations are fairly "plain vanilla," and thus it is not facially apparent that the amount in controversy requirement is satisfied. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850-51 (5th Cir. 1999) (finding it not facially apparent that amount in controversy requirement was satisfied when complaint alleged damages for "an injured shoulder, bruises, and abrasions," as well as "unidentified medical expenses," and "loss of consortium"); *Jupiter v. Lowe's Home Ctrs., Inc.*, No. 12-895, 2012 WL 2878639, at *2 (E.D. La. July 13, 2012) (finding complaint containing "vanilla" allegations that plaintiff had suffered knee injuries necessitating surgery and sought damages for "loss of enjoyment of life; physical disability, pain and suffering; past and

---

[15]      *See id.*

future mental pain and suffering; disruption of bodily tissues and cells; and past, present, and future medical expenses" insufficient for providing notice that amount in controversy exceeded $75,000); *Heaverlo v. Victoria's Secret Stores*, No. 07-7303, 2008 WL 425575, at *1-3 (E.D. La. Feb. 8, 2008) (finding it not facially apparent that jurisdictional threshold was satisfied when complaint alleged that defendants in slip-and-fall case were "liable for past and future 'physical pain and suffering, mental and emotional pain and suffering, loss of enjoyment of life, permanent physical disability and disfigurement, loss of consortium, inconvenience, expenses, statutory and legal interest, court costs and attorney fees'"); *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *2-3 (E.D. La. Dec. 20, 2002); *Jeffcoats v. Rite-Aid Pharmacy*, No. 01-764, 2001 WL 1561803, at *2-3 (E.D. La. Dec. 6, 2001); *Seaman v. Tetra Applied Techs., Inc.*, No. 99-3811, 2000 WL 222851, at *2 (E.D. La. Feb. 18, 2000).

This Court previously analyzed facts comparable to the current ones in *Bryant v. Rosser*, No. 13-6125, 2014 WL 379147, (E.D. La. Feb. 3, 2014). There, a plaintiff "allegedly suffered a herniated lumbar disc, an acute left trapezius strain, an acute left cervical strain, an acute left sternocleidomastoid muscle strain, an acute left anterior chest wall strain, and an acute left upper extremity strain." *Id.* at *1. Based on these injuries,

the plaintiff requested damages for "[p]ast, present, and future medicine, drugs, hospitalization, medical care, pain and suffering, residual disabilities, lost wages, and loss of future earning capacity, mental anguish, emotional upset and distress." *Id.* (alteration in original) (quoting R. Doc. 1-1 at 3, Case No. 13-6125). Similarly, in *Williams v. Dargins*, No. 99-0019, 1999 WL 163431 (E.D. La. Mar. 22, 1999), a plaintiff alleged "neck and back injuries," as well as a "torn medial and lateral menisci in his left knee." *Id.* at *3. His knee required surgery. *See id.* If anything, these cases pled facts that suggest more serious injuries and more extensive medical treatment, supporting a larger amount in controversy. But in both cases, this Court held that the complaints did not facially satisfy the jurisdictional threshold. *See Bryant*, 2014 WL 379147, at *3; *Williams*, 1999 WL 163431, at *3.

Because the amount in controversy does not exceed $75,000 on the face of the complaint, the Court next turns to defendants' evidence. Defendants, though, offer only conclusory statements in their notice of removal and opposition to the motion to remand that the jurisdictional minimum is satisfied. For instance, defendants argue that plaintiff's "laundry list of injuries and damages" supports an amount in controversy

over $75,000.[16]  But as discussed above, these assertions are relatively "plain vanilla."

Defendants also contend that plaintiff's failure to state that damages would be insufficient for federal jurisdiction, pursuant to Article 893, shows the requisite amount in controversy.[17]  While this "omission is entitled to 'some consideration,'" though, "[m]ost Louisiana federal courts have stated that a plaintiff's failure to include an Article 893 allegation, alone, is insufficient to establish the amount in controversy."  *Neely v. Ashton*, No. 18-CV-0517, 2018 WL 3422784, at *2 (W.D. La. May 31, 2018) (quoting *Davis v. LeBlanc*, No. 17-CV-1171, 2017 WL 4399275, at *2 (W.D. La. Oct. 2, 2017)), *report and recommendation adopted*, No. 18-CV-0517, 2018 WL 3420818 (W.D. La. July 13, 2018).  The Court also observes that after making this argument, defendants affirm that they offered "$7,000 . . . to settle [plaintiff's] claims in full."[18]  In sum, the Court finds that defendants have failed to carry their burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Finally, in addition to her arguments for remand discussed above, plaintiff also argues that she was not provided notice of removal and that

---

[16]    *See* R. Doc. 9 at 3.
[17]    *See* R. Doc. 9 at 3.
[18]    *See id.*

defendant effected removal in bad faith.[19]  Carr therefore asks the Court for sanctions and costs against defendant Nationwide.[20]

Regarding notice of removal, "Carr asserts that she has not been given Notice of Removal as required by the Federal Rules of Civil Procedure, to effect Federal Removal, as her legal address for all notification appears on page 4 of Petition for Damages."[21]  But defendants respond that plaintiff received the notice of removal through the Court's CM/ECF electronic filing system.[22]  And Rule 5 states that "[a] paper is served under this rule by," among other methods, "sending it to a registered user by filing it with the court's electronic-filing system."  Fed. R. Civ. P. 5(b)(2).  Defendants also filed their notice of removal in state court,[23] and served this notice by email.[24] The Court therefore does not find plaintiff's allegation that she was not given notice of removal a basis for sanctions.

Regarding bad faith, Carr argues that "the Notice of Removal was filed in bad faith and contrary to law" as Nationwide provided a "paltry" settlement offer, "failed to inspect and fully repair" the damaged vehicle, and

---

[19]    *See* R. Doc. 8 at 2 ¶ V.
[20]    *See id.* at 2 ¶ V, 3 ¶ VI.
[21]    *See* R. Doc. 8 at 2 ¶ V.
[22]    *See* R. Doc. 9 at 1-2; R. Doc. 9-1.
[23]    R. Doc. 1-3; *see also* R. Doc. 1-4.
[24]    *See* R. Doc. 1-3; R. Doc. 1-4 at 1; R. Doc. 1-7 at 1-2.

did not state in the notice of removal that the amount in controversy is greater than $75,000.[25]  Defendants respond that their removal was in good faith, as neither plaintiff's petition nor defendants' settlement offer precluded the amount in controversy from being under $75,000.[26] Defendants also note that Nationwide already paid for the damage to the vehicle at issue, and that "plaintiff was not/is not the owner of the SMARTCAR in question."[27]  Finally, defendants point out that though they did not specifically state in their notice of removal that the amount in controversy exceeded $75,000, their notice did so implicitly by recounting the alleged damages and then stating that the requirements of 28 U.S.C. § 1332 were met.[28]

A federal court ordering remand of an action to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "There is no automatic entitlement to an award of attorney's fees" if the court determines that the removal was legally improper; instead, the decision whether to

---

[25]  *See* R. Doc. 8 at 2 ¶ V.
[26]  *See* R. Doc. 9 at 2-4.
[27]  *See id.* at 2 n.3.
[28]  *See id.* at 3-4.

award attorneys' fees is left to the discretion of the trial court. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

In order to determine whether an award of attorney's fees is appropriate, the court considers "whether the defendant had objectively reasonable grounds to believe the removal was legally proper." *Valdes*, 199 F.3d at 293. The Court "do[es] not consider the motive of the removing defendant." *See id.* at 292. Here, defendants had an objectively reasonable basis to remove this case based on the authority cited in their opposition to plaintiff's motion to remand. Plaintiff's arguments about defendants' settlement offer, alleged failure to inspect the vehicle, and omission of an explicit statement that the amount in controversy is greater than $75,000 do not suggest to the contrary. While defendants' reasons for removal are ultimately unpersuasive, they are not so unreasonable as to justify an award of costs to plaintiff. *Cf. id.* at 293-94 (declining to award attorney's fees to non-removing party even though removal was legally improper, because removing party "could conclude from th[e] case law that its position was not an unreasonable one"). In sum, therefore, the Court does not find sanctions warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case, and thus GRANTS plaintiff's motion to remand, but DENIES plaintiff's request for sanctions and costs.

New Orleans, Louisiana, this __4th__ day of March, 2020.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE